UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 07-219-HRW

MICHAEL SIZEMORE, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for supplemental security income benefits on August 10, 2004, alleging disability beginning on July 2, 2004, due to heart trouble, high blood pressure, cirrhosis of the liver, short term memory problems, nerves and gout in the left lower leg (Tr. 56-57). This application was

denied initially and on reconsideration.

On June 8, 2006, an administrative hearing was conducted by Administrative Law Judge James Alderisio (hereinafter "ALJ"), wherein Plaintiff testified (Tr. 211-223). At the hearing, James Miller, a vocational expert (hereinafter "VE"), also testified (Tr. 223-227).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On October 18, 2006, the ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff was 37 years old at the time of the hearing decision. He attended school through the seventh grade. His past relevant work experience consists of work as a mason's helper.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 14).

The ALJ then determined, at Step 2, that Plaintiff suffered from alcohol dependence, which he found to be "severe" within the meaning of the Regulations (Tr. 14-16).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 16).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 17) but determined that he has the residual functional capacity ("RFC") to perform medium work with certain limitations as set forth in the decision (Tr. 16).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 17-18). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential

3

evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on May 2, 2007 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the

4

Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

In this case, it is important to note that on March 29, 1996, Congress enacted legislation which bars a finding of disability if substance abuse, either drugs or alcohol, is a "contributing factor material to" the determination of disability. Pub. L. No. 104-121, § 105(b)(amending Title XVI of the Social Security Act).

The ALJ concluded that Plaintiff's impairments resulted primarily from alcohol abuse. Having reviewed the record the Court finds that the ALJ's conclusion is supported by substantial evidence.

Although the medical record is scant, it clearly shows that any medical treatment received by Plaintiff has been related to alcohol abuse. For example, July 5, 2004 hospital records show admission for heart and respiratory issues "due to polypharmacy abuse and alcohol withdrawal and may be related to his Hadol as well" (Tr. 109). Similarly, in January 2005, Plaintiff sought treatment for chest pains. The treatment notes state that Plaintiff smelled heavily of alcohol (Tr. 144). The notes do not suggest any impairment other than intoxication (Tr. 145).

5

The examining physicians also found alcohol dependence to be material to Plaintiff's overall condition.

In sum, no treating or examining source found Plaintiff to have disabling impairments separate and apart from alcohol abuse.

On appeal, Plaintiff contends that the hypothetical posed to VE was flawed because it did not include any mental limitations.

Plaintiff's argument ignores the fact that where alcohol abuse is a material factor contributing to disability, payment of benedicts is prohibited. Although Dr. Crystal Sahner identified areas of marked limitation in mental functioning, as her only diagnosis was "alcohol dependence, severe and chronic" (Tr. 123), the limitations arise from this condition and are thus not cognizable under the Act.

Plaintiff also maintains that as he was not represented by legal counsel at the hearing, the ALJ had a heightened duty to develop the record.

"When a disability claimant is not represented by counsel at the administrative hearing, the ALJ has a special duty to ensure that a full and fair administrative record is developed." *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1051 (6th Cir. 1983). However, the absence of counsel in and of itself is not grounds for reversal or remand. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 856 (6th Cir. 1986).

6

In this case, Plaintiff has not alleged what information was lacking or what the ALJ should have done which would have enhanced a determination of disability. Rather, Plaintiff seems to suggest that the lack of counsel requires remand. This argument is without merit. The Court having reviewed the record finds that Plaintiff was given a full and fair administrative hearing,

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 4 day of January, 2008.

HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE